641 So.2d 1176 (1994)
James R. (Bobby) VANCE
v.
TWIN RIVER HOMES, INC., and The Travelers Insurance Company.
No. 92-CC-1032.
Supreme Court of Mississippi.
August 11, 1994.
*1177 Lawrence W. Rabb, Jr., Palmer Wright & Williamson, Meridian, for appellant.
John S. Gonzalez, Daniel Coker Horton & Bell, Jackson, for appellee.
Before DAN M. LEE, P.J., and McRAE and SMITH, JJ.
DAN M. LEE, Presiding Justice, for the Court:
James R. Vance was injured in an on-the-job construction accident and sought workers' compensation benefits. He appealed to this Court from the judgment of the Lauderdale County Circuit Court which affirmed the Workers' Compensation Commission's denial of workers' compensation benefits to him. We reverse, finding that, as a matter of law, James R. Vance was a statutory employee of Twin River Homes, Inc. We further determine that, on the date of the injury at issue, the workers' compensation insurance policy between the employer, Twin River Homes, Inc. ("Twin River"), and the carrier, The Travelers Insurance Company, was not effectively cancelled pursuant to the terms of Miss. Code Ann. § 71-3-77 (1989); therefore, the on-the-job injury of James R. Vance was subject to coverage by that workers' compensation insurance policy.

I.
The claimant below, appellant and cross-appellee herein, James R. Vance ("Bobby"), filed a petition to controvert a workers' compensation claim on April 28, 1988. Therein, Bobby claimed that he sustained an injury on October 6, 1987, while working on a construction job as a carpenter in Lauderdale County, Mississippi. Bobby also claimed that Twin River, an Alabama corporation licensed to do business in Mississippi, was his employer on the date of that injury.
The employer and carrier answered the petition. The carrier, The Travelers Insurance Company ("carrier"): (a) denied that the relationship of employer and employee existed at the time of the injury; and (b) denied that they were subject to the Mississippi Workers' Compensation Act at the time of the injury, alleging that its workers' compensation insurance policy with Twin River had been cancelled prior to the injury; therefore, the carrier did not have workers' compensation coverage for Twin River in effect at the time of the accident, and, as a consequence, Bobby's injury was not covered under that policy.
On November 15, 1989, a hearing was held before a Workers' Compensation Commission administrative judge. Thereafter, on July 3, 1990, the administrative judge entered an order awarding compensation to Bobby, finding, inter alia, that Bobby:
1) sustained a compensable injury pursuant to the Workers' Compensation Act ("the Act");
2) was a "statutory employee" of Twin River at the time of the injury, and had an average weekly wage of $459.00 at that time;

*1178 3) was temporarily totally disabled from October 6, 1987, to August 12, 1988, the date he reached maximum medical improvement;
4) suffered a seventy-five percent (75%) "industrial loss" of use of his left arm; and
5) was entitled to permanent partial disability benefits of $140.00 per week, beginning on August 12, 1988, and continuing for a period of 150 weeks.
The administrative judge further found that, since the carrier failed to notify the Workers' Compensation Commission of its proposed cancellation of Twin River's insurance policy, as required by Miss. Code Ann. § 71-3-77 (1989), the carrier's insurance policy had not been effectively canceled prior to the time of the injury. Therefore, the carrier's policy provided workers' compensation coverage to Twin River and, as a consequence, to Bobby, on the date of the injury.
The carrier and Twin River appealed to the full Commission and Bobby cross-appealed for an award of penalties pursuant to Miss. Code Ann. § 71-3-37(5) (1972). The Commission denied Bobby's claim, reversing in part, and affirming in part, the order of the administrative judge which awarded benefits to Bobby. Although the Commission affirmed the administrative judge's order, insofar as it found that the carrier's workers' compensation insurance coverage was in force on the date of Bobby's injury, the Commission reversed that part of the administrative judge's order which found that Bobby was a "statutory employee" of Twin River. Instead, the Commission determined that Bobby was an "independent contractor," thus not afforded the benefits of the Act or the workers' compensation policy covering Twin River and its employees.
Bobby appealed the Commission's denial of compensation benefits to the Lauderdale County Circuit Court, focusing on the finding of the Commission that he was an "independent contractor" and not a "statutory employee." The carrier cross-appealed the issue of the ineffective cancellation of the workers' compensation insurance policy by the carrier and the consequent finding of the existence of insurance coverage on the date of Bobby's injury.
The circuit court judge for Lauderdale County, Mississippi, entered an order on the matter on September 29, 1992. There, the judge affirmed the denial of compensation benefits, affirming that part of the Commission's Order which found that Bobby was not a statutory employee of Twin River. Further, the circuit court judge stated that, since it had affirmed the Commission's determination that Bobby was not a statutory employee of Twin River, the circuit court "finds it unnecessary to rule on the issue of coverage contained in issue number two (2) [cancellation of the workers' compensation insurance policy]. The Court therefore preserves the Carrier/Appellee and Cross-Appellant's Assignment of Error on this issue in the event of an appeal from this Order."
Aggrieved, Bobby appealed to this Court, assigning the errors below:
1. The Circuit Court erred in denying compensation benefits to the Claimant.
2. The finding and award of the Commission as affirmed by the Circuit Court is contrary to law.
3. The finding and award of the Commission as affirmed by the Circuit Court is against the overwhelming weight of the evidence and is not supported by substantial evidence.
4. The Circuit Court Judgment erred in failing to apply the law to the facts as developed in the record.
5. The Commission and the Circuit Court erred in failing to find that the Carrier and Employer were estopped to deny compensation coverage to this Appellant.
6. The Circuit Court erred in not reversing, as a matter of law, the Compensation Commission when it found that James R. Vance was not a "statutory employee" of a subcontractor.
7. The Circuit Court erred in failing to reverse the Commission in the Commission's interpretation of Section 71-3-7(d) as that section applied to the language of The Travelers Insurance Company's *1179 workers' compensation policy in evidence in this lawsuit.
* * * * * *
8. The Circuit Court erred in failing to apply the legislative presumption that when Section 71-3-7(d) comes into play it is presumed that a worker would elect to be covered when the coverage is a matter of law and not a matter of contract. Therefore, while Claimant denies that he was a partner with his father at this time in this specific work on this specific building, even if he were a partner, he would be a working partner, and the beneficit[sic] policy of this Act would imply coverage, rather than no coverage.
9. The Circuit Court erred in not reversing the Commission and reinstating the Administrative Law Judge's finding that the Claimant was a "statutory employee" and such finding is supported by the overwhelming weight of the evidence in the record. Such finding would give effect the beneficit[sic] purpose of the Act and a fair construction to the facts of this case as required by the Mississippi Workers' Compensation Act.
... [W]hen the full facts are weighed against the requirements of the statute, there is no substantial evidence supporting a denial of an award to the Claimant.
The carrier, The Travelers Insurance Company, cross-appealed, basically asserting that the workers' compensation policy between it and Twin River was properly terminated prior to the date of the injury to Bobby; therefore, even if Bobby was considered a statutory employee of Twin River, the workers' compensation policy would not cover Bobby's injury.

II.
At the time of the hearing before the administrative judge, Bobby was a left-handed carpenter of thirty-four (34) years of age who had worked all of his adult life as a carpenter for his father. On October 6, 1987, the date of the injury, Bobby was working as a carpenter, framing a house in Lauderdale County, Mississippi. The house had been pre-sold to a gentleman named Gary Street, and was being constructed by Twin River, as general contractor. Bobby's father, James William Vance ("James"), had been contacted earlier by Twin River and asked to perform the framing services on three houses in Lauderdale County on which Twin River was the general contractor. James had accepted the offer, and the house on which Bobby was working was the third of the three houses which were being built by Twin River.
On the day of his injury, Bobby was decking the roof when a board on which he had placed his weight loosened, causing him to fall. As a result of the fall, he sustained injuries to his left arm and his left shoulder. Bobby went to the doctor for treatment that day and later notified a Twin River agent of his injury.
Bobby suffered a mild separation of his left shoulder and a partially torn left rotator cuff in the fall. The doctor did not suggest surgery, but ordered more conservative therapy. Nevertheless, the extent of Bobby's injuries prevented him from returning to work as a carpenter because he had difficulty raising his arms over ninety (90) degrees, making it difficult for him to perform the repetitive tasks of a carpenter, such as sawing or hammering. Bobby's doctor stated that, "medically," Bobby had a ten percent (10%) permanent impairment to his left shoulder and that impairment converted to a four to six percent (4-6%) impairment to the body as a whole. However, an expert in the field of rehabilitation counseling testified that, although Bobby's "medical" impairment to his left shoulder was ten percent (10%), Bobby's "industrial loss of use" of that shoulder was one hundred percent (100%). Since Bobby could no longer perform the normal work-related functions of a carpenter, he could not re-enter the work force as a carpenter.
According to Bobby, he and his father had been performing carpentry work on houses for Twin River since August of 1987, about two (2) months prior to the date of the accident. They had been contacted by Ann Radcliff ("Radcliff") of the Meridian office of Twin River, an Alabama corporation licensed to do business in Mississippi. As a result, a subcontracting arrangement was consummated *1180 whereby Twin River agreed to pay for the framing services on a "square footage" basis.
On October 6, 1987, the date of the accident, neither Bobby nor his father had any sort of workers' compensation insurance policy in effect. At that time, there were no more than five (5) employees working on the framing crew, although in the past, on occasion, more than five (5) persons had been employed on the crew. During those times, a workers' compensation insurance policy was maintained, but the last time that five or more employees had worked on the crew was in 1986. Since then, no workers' compensation insurance had been carried.
At one point in time, Bobby was a partner with his father in a construction company named "Vance Home Improvement Service", albeit a partner who did not make decisions for the company. Upon cross-examination, he admitted that, as a part owner in his father's business, he was basically his own employer. Accordingly, Bobby acted as supervisor for the employees of the company on many of their jobs and he shared in the income from Vance Home Improvement Service.
James, Bobby's father, testified that he had been in the construction business for the last thirty-four (34) years. James stated that Ann Radcliff, a Twin River agent, approached him concerning subcontract framing work on three (3) houses on which Twin River would be the general contractor. A suitable arrangement was agreed upon and James' crew began the work soon thereafter. After James and his crew had been working on the first house for about one week, Radcliff wanted to discuss workers' compensation insurance with James. At that point, James made it clear to Radcliff that he did not have workers' compensation insurance because his workers' compensation policy was no longer in effect.
Ralph Perry ("Perry"), a resident of Meridian, Mississippi, testified, stating that he was previously a superintendent for Twin River out of their Meridian, Mississippi, office, which had about four employees. In addition to the Meridian office, Twin River maintained offices in Mobile, Alabama, and Jackson, Mississippi. Perry stated that when he joined Twin River in 1986 or 1987, the company had fifteen (15) houses under construction in Lauderdale County, Mississippi. He further testified that he was the supervisor on Gary Street's house, the house on which Bobby was injured, and that James Vance was the carpenter who subcontracted to perform work on that job.

III.
The standard of review employed by this Court when considering appeals of decisions of the Workers' Compensation Commission is well-settled:
The findings and order of the Workers' Compensation Commission are binding on this Court so long as they are "supported by substantial evidence." Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss. 1988); Champion Cable Const. Co., Inc. v. Monts, 511 So.2d 924, 927 (Miss. 1987); Penrod Drilling Co. v. Etheridge, 487 So.2d 1330, 1332 (Miss. 1986); Georgia-Pacific Corp. v. Veal, 484 So.2d 1025, 1027 (Miss. 1986); Evans v. Marko Planning, Inc., 447 So.2d 130, 132 (Miss. 1984); see also Dunn, Mississippi Workers' Compensation § 286, 288 (3d ed. 1982). "This is so, even though the evidence would convince this Court otherwise, were we the fact-finder." Fought, 523 So.2d at 317; Georgia-Pacific Corp., 484 So.2d at 1028 (quoting Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437, 439 (Miss. 1985)). This Court will reverse an order of the Workers' Compensation Commission only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence. Fought, 523 So.2d at 317; Myles v. Rockwell International, 445 So.2d 528, 536 (Miss. 1983); Riverside of Marks v. Russell, 324 So.2d 759, 762 (Miss. 1975).
Mitchell Buick v. Cash, 592 So.2d 978, 980 (Miss. 1991).
The parameters of the aforementioned standard are observed in resolving the issues raised by the parties. Here, the pertinent issues appealed by both parties may be consolidated as the two issues which the Commission and the Circuit Court previously considered. *1181 Those two issues are considered separately below.

A.

WHETHER THE WORKERS' COMPENSATION POLICY OF INSURANCE BETWEEN THE TRAVELERS INSURANCE COMPANY AND TWIN RIVER HOMES, INC., WAS IN EFFECT ON THE DATE OF BOBBY'S INJURY.
Although the workers' compensation insurance policy period between Travelers Insurance and Twin River was contracted to extend to June of 1988, the carrier notified Twin River that it was canceling coverage under the insurance policy effective September 10, 1987, because of non-payment of premiums. That September 10, 1987, cancellation date would pre-date the October 6, 1987, injury date. However, it is uncontroverted that the insurance carrier, Travelers Insurance, did not comply with Miss. Code Ann. § 71-3-77 (1989). That statute requires that a carrier give a 30-day notice of intent to cancel workers' compensation insurance coverage to both the Commission and the insured prior to cancellation of such insurance. That statute states, inter alia, that:
No such policy shall be cancelled by the insurer within the policy period until a notice in writing shall be given to the commission and to the assured.... No such cancellation shall be effective until thirty (30) days after service of such notice. ...
Miss. Code Ann. § 71-3-77 (1989) (emphasis added).
The discovery documents established the carrier's non-compliance with Miss. Code Ann. § 71-3-77 (1989). The pertinent request for admission and the carrier's response to that request state as follows:

Request No. 5: Admit that Travelers failed to give the thirty (30) day prior notice of cancellation, in writing, to the Mississippi Workers' Compensation Commission.

Response: Admitted, although it is denied that such notice was necessary to effectuate cancellation of said policy.
(emphasis added). Therefore, it was established that the carrier did not comply with the statute and that fact was not controverted. As a consequence, all that need be ascertained in order to decide this issue is whether the carrier was required to give notice to the Commission before cancellation was effective.
In the case before us today, it is unnecessary to consider more than the terms of the insurance policy between the carrier and Twin River. That policy contained a specific term which allowed modification or supplementation of the policy's "cancellation provision." The particular term at issue provided that:

Any of these provisions that conflicts with a law that controls the cancellation of the insurance in this policy is changed by this statement to comply with that law.

Twin River was an Alabama corporation licensed to do business, and doing business, in Mississippi. The workers' compensation portion of Twin River's insurance policy specifically provided coverage for it while conducting business in Alabama. Another provision, the "all states" endorsement, provided identical coverage to Twin River while operating in any state other than Alabama, with the exception of six (6) states. Mississippi was not one of those excepted states.
Accordingly, by the explicit terms of the policy, the cancellation provision of the workers' compensation insurance policy between the carrier and Twin River was self-modified to comply with Miss. Code Ann. § 71-3-77 (1989). As a result, the terms of Miss. Code Ann. § 71-3-77 (1989), were incorporated into the insurance policy, superseding any provisions to the contrary. The incorporated terms of Miss. Code Ann. § 71-3-77 (1989), required written notice of cancellation to be given to the Commission, as well as the assured, thirty (30) days prior to cancellation of such policy. Absent such notice, the policy would not be effectively cancelled.
In the case sub judice, the carrier failed to comply with the statutory cancellation provision of Miss. Code Ann. § 71-3-77 (1989), because it failed to give written notice to the Commission of its intended cancellation of the policy between it and Twin River. Without such notice, the attempted cancellation of *1182 the workers' compensation insurance policy between The Travelers and Twin River was ineffective. Consequently, as of October 6, 1987, the date of Bobby's injury, the workers' compensation policy at issue was in effect. The Commission properly decided this issue.

B.

WHETHER BOBBY WAS A STATUTORY EMPLOYEE OF TWIN RIVER HOMES, INC., THEREBY ENTITLED TO THE BENEFITS UNDER THE WORKERS' COMPENSATION ACT.
This issue requires a determination of Bobby's employment status on the date of his injury. In other words, we must resolve whether, on October 6, 1987, the date of his injury, Bobby was an "employee" of an uninsured Twin River subcontractor, or whether he was an "independent contractor." If Bobby's status, at the time of the injury, was that of a subcontractor's employee, he would be classified as a "statutory employee" of the general contractor, Twin River, if the subcontractor did not possess workers' compensation insurance on that day. In that event, Bobby would be eligible for workers' compensation benefits under the workers' compensation insurance policy between Twin River and The Travelers which was in effect on that day. However, contrarily, if Bobby's status on October 6, 1989, was that of an "independent contractor," the Workers' Compensation Act would exclude him from workers' compensation benefits. Miss. Code Ann. §§ 71-3-3, 71-3-7 (1989).
The Workers' Compensation Act imposes liability upon an employer for payment of "compensation" to its employees, as defined by, and subject to, the terms and conditions of the Act. Miss. Code Ann. §§ 71-3-1 to 71-3-181. The pertinent section of the applicable statute states that:
Every employer to whom this chapter applies shall be liable for and shall secure the payment to his employees of the compensation payable under its provisions.
In the case of an employer who is a subcontractor, the contractor shall be liable and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment.
Miss. Code Ann. § 71-3-7 (1989).
In the situation of an employer that is also a general contractor, as is the case with Twin River, the Act also imposes liability upon the general (prime) contractor for payment of compensation benefits to the employees of a subcontractor contracted to perform services for the general (prime) contractor, should the subcontractor fail to secure the payment of such compensation. Miss. Code Ann. § 71-3-7 (1989). Doubleday v. Boyd Construction Co., 418 So.2d 823 (Miss. 1982); see also Mills v. Barrett, 213 Miss. 171, 56 So.2d 485 (1952). Should the subcontractor fail to secure such payment, the employees of that subcontractor may thereby be characterized as the "statutory employees" of the general (prime) contractor, and the general contractor becomes the "statutory employer" of such employees. Morris v. W.E. Blain & Sons, Inc., 511 So.2d 945 (Miss. 1987); Nash v. Damson Oil Corp., 480 So.2d 1095 (Miss. 1985). Cf. Falls v. Mississippi Power & Light Company, 477 So.2d 254 (Miss. 1985).

1.
The fact that Twin River was the party charged with the construction of Gary Street's house was firmly established as was the fact that the carpentry crew on which Bobby worked had been subcontracted to frame Gary Street's house by the general contractor, Twin River. Also, it was uncontroverted that Bobby's father did not carry workers' compensation insurance on the date of Bobby's accident and that Twin River was aware of that fact prior to the accident. Thus, under the Act, Bobby would be the statutory employee of Twin River, if: (1) Bobby's father was the subcontractor on Gary Street's house; and (2) Bobby was an employee of his father, the subcontractor.
We have previously defined the term "subcontractor," stating that:
[T]he Court defined a subcontractor as "one who enters into a contract, express or implied, for the performance of an act with a person who has already contracted for its performance, or who takes a *1183 portion of a contract from the principal or prime contractor."

Amoco Production Co. v. Murphy, 528 So.2d 1123 (Miss. 1988). The evidence was clear that Twin River had pre-sold the house under construction to Gary Street, and that Twin River had already contracted with him to build the house at the time that Twin River sought to have carpentry services performed on the house. It was also clear that the framing work had been subcontracted by Twin River to either: (a) James, Bobby's father; or (2) Vance Home Improvement Service, a partnership in which Bobby was a partner with his father. Consequently, either Bobby's father or Vance Home Improvement was the subcontractor of Twin River.
Twin River argues that it contracted for the carpentry work with Vance Home Improvement Service instead of Bobby's father, individually, and that Bobby is not a statutory employee of Twin River. That conclusion arises, it is argued, by virtue of the fact that Bobby was a partner with his father in Vance Home Improvement Service. We need not decide the question whether Bobby was a statutory employee as a partner in Vance Home Improvement Service because we conclude that Twin River did not contract with a partnership but with James individually.

2.
Although the Commission found that Bobby was not a statutory employee of Twin River, the Commission failed to "find" that Twin River contracted for the carpentry work with Vance Home Improvement Service. Nevertheless, it is quite clear from the language of the order of the Commission denying benefits to Bobby, that the Commission operated under the erroneous assumption that Twin River had entered into a contract with Vance Home Improvement Service for the carpentry work on Gary Street's house. Evidently, on that basis, the Commission determined that Bobby was an independent contractor instead of the statutory employee of Twin River.
However, substantial evidence does not support the Commission's assumption that Twin River contracted with Vance Home Improvement Service for the carpentry and framing services. On the contrary, the evidence supports the conclusion that Twin River contracted with Bobby's father, James, in his individual capacity.
With regard to the parties to the carpentry subcontract, the record indicates that Bobby was under the impression that Vance Home Improvement Service had the contract on the three Twin River houses on which Bobby worked.
But, Bobby's confusion is understandable. He had worked for his father all of his adult life, in one capacity or another. At various times, Bobby had been a foreman for his father, a partner, and an employee. However, it was uncontroverted that Bobby's father was the one who negotiated and consummated the subcontracting arrangement with the representative of Twin River. Accordingly, Bobby's father, James, indicated that Twin River subcontracted with him in his individual capacity for the carpentry work.
Supporting and confirming James testimony, the invoice for subcontracted work performed on one of the first two (2) houses framed for Twin River was submitted to Twin River by "James W. Vance," individually, not by Vance Home Improvement Service. James also testified that Vance Home Improvement Service had "gone out of business" before any work was performed for Twin River.
Additionally, Ralph Perry, Twin River's superintendent on Gary Street's house construction, testified that Bobby's father had the contract for the carpentry work.
Strangely enough, Twin River never introduced a writing of the contract into evidence, and the only documentary evidence on this issue supported the conclusion that the contract was between Twin River and Bobby's father, individually. Consequently, the reliable substantial evidence in the record bearing on the issue of the identity of the contracting parties, was: 1) the prior invoice sent to Twin River by James W. Vance, individually; 2) the testimony of the person who negotiated and consummated the contract, James W. Vance; and 3) the testimony of Twin River's superintendent on Gary *1184 Street's house construction. That evidence supports the conclusion that, on the day of Bobby's injury, James W. Vance, individually, was the carpentry subcontractor on Gary Street's house, not Vance Home Improvement Service.
Even though his father was the subcontractor on the day of his injury, not Vance Home Improvement Service, in order for his injury to be compensable, the Act requires that Bobby was considered as an employee of his subcontractor/father, as the Act defines the term "employee." According to the Act, Bobby was required to have been employed "in the service of an employer under any contract of hire or apprenticeship, written or oral, express or implied... ." Miss. Code Ann. § 71-3-3(d) (1989); see also Sullivan v. Sullivan, 192 So.2d 277 (Miss. 1966). Here, sufficient evidence exists from which a contract of hire may be implied between Bobby and his father.

IV.
Substantial evidence does not indicate that Vance Home Improvement Service was the carpentry subcontractor for the house on which Bobby was injured. On the contrary, substantial evidence supports the conclusion that James W. Vance, individually, was the carpentry subcontractor with which Twin River contracted to perform work on Gary Street's house. However, James, Bobby's father, did not have a workers' compensation insurance policy in effect at the time of Bobby's injury, and Twin River had been apprised of the lack of such insurance prior to the date of the injury.
On the date of Bobby's injury, October 6, 1987, the workers' compensation insurance policy between Twin River and The Travelers Insurance Company was still in effect. The Travelers Insurance Company admittedly failed to comply with the policy cancellation requirements of Miss. Code Ann. § 71-3-77 (1989), thereby negating effective cancellation of that policy.
Consequently, on the date of his injury, October 6, 1987, Bobby was the statutory employee of Twin River and is, therefore, entitled to the benefits of the Workers' Compensation Act. Accordingly, the judgment of the circuit court is reversed and the case is remanded to the Mississippi Workers' Compensation Commission for further proceedings consistent with this opinion.
REVERSED AND REMANDED TO THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.