LEE, J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. This is a workers’ compensation case. Richard McMillian, the claimant, filed a petition to controvert with the Mississippi Workers’ Compensation Commission on February 3, 1999, alleging that he injured his knees when he slipped and fell at work in September 1998. McMillian alleged that he had some period of temporary disability and that any permanency or loss of wage earning capacity was unknown at that time. Delphi Packard Electric Systems responded on March 1, 1999, denying that McMillian was entitled to any period of temporary disability benefits, any period of permanent disability benefits, and that McMillian suffered any loss of wage earning capacity as a result of the work related injury.
*346 ¶2. Hearings were held before the administrative law judge on July 25, 2001, and December 18, 2001. In his order dated April 19, 2002, the judge found that McMillian suffered a compensable injury to both knees when he fell at work in September 1998. The judge determined that McMillian was temporarily and totally disabled from June 17, 1999, through September 17, 1999, and that Delphi was responsible for compensation benefits for that period. Delphi was also ordered to pay the reasonable medical services and supplies incurred by McMillian as a result of the fall. The judge also held that McMillian had a 3% permanent partial medical impairment to each lower extremity as a result of his injury and further determined that McMillian failed to prove he was entitled to an award of permanent disability benefits in excess of the scheduled member impairment ratings.
¶ 3. McMillian appealed this decision to the Full Commission and Delphi also appealed arguing errors in the administrative law judge’s order. On July 25, 2002, the Commission affirmed the administrative law judge’s decision and adjusted the errors in the original decision. The errors consisted of a calculation mistake in the weekly rate of permanent partial disability benefits and the number of weeks the benefits were to be paid. McMillian then appealed this decision to the Lincoln County Circuit Court, which affirmed the decision of the Commission on May 8, 2003, finding that there was nothing arbitrary and capricious in the decision, that it was supported by substantial evidence, and that there was not prejudicial error of law in its application.
¶ 4. Aggrieved, McMillian now perfects his appeal to this Court asserting that the administrative law judge erred in applying the apportionment doctrine which resulted in an erroneous award of benefits.
FACTS
¶ 5. McMillian was hired in March 1995, by General Motors (which later became Delphi) as a part-time machine operator, a job which involved running wires and making terminals in the cutter department. On September 6, 1998, McMillian was walking to his work station when he slipped and fell on the recently mopped floor. McMillian claimed that he injured both of his knees as a result of the fall. McMillian continued working and, four months later, on December 14, 1998, he obtained full-time employment status and received an increase in hourly pay.
¶ 6. McMillian sought medical treatment for his fall on September 14,1998, from his personal physician, Dr. Kyle Bateman, who was also Delphi’s company doctor. McMillian told Dr. Bateman that he slipped at work and landed on his right knee and either strained or twisted his left knee. Dr. Bateman diagnosed McMillian with a strained right knee and provided medical treatment to him through October 1998. Dr. Bateman did not take McMillian off work, but he did recommend light duty work. It was also Dr. Bateman’s opinion that McMillian’s condition did not improve because McMillian failed to follow the treatment recommendations and failed to lose weight. McMillian weighed about 500 pounds at the time of the accident. Dr. William Dudley also provided treatment to McMillian and found that he was able to work, releasing him to return to work without restrictions on October 8, 1998. Dr. James Sikes, an orthopedist, noted, in a letter to Dr. Bateman dated October 14, 1998, that McMillian’s “overlying pathology is his weight.” In a letter dated September 17, 1999, Dr. Peter Cole stated that McMillian’s knee problems were “exacerbated and perpetuated by his morbid obesity....”
*347 ¶ 7. Delphi transferred McMillian to the re-op or containment area where he inspected parts and received a higher hourly rate. The containment area job was a self-paced position allowing the employee to work within any physical restrictions set forth by his physician. McMillian remained at Delphi until June 17, 1999, when he voluntarily left his employment.
¶ 8. The administrative law judge ordered McMillian to submit to an independent medical examination on September 12, 2000, by Dr. Howard Katz. After obtaining McMillian’s medical history and reviewing his medical records, Dr. Katz determined that McMillian had reached maximum medical improvement on September 17, 1999. Dr. Katz noted that “the patient’s knee problems were initially caused by a slip and fall injury at work but at this time, are perpetuated and caused by his obesity and the way he has to walk because of his obesity.” Dr. Katz further stated that “all of the patient’s current symptoms are related to his obesity.” Dr. Katz found that McMillian should be limited to light duty work, stating that “the patient’s restrictions are related to his obesity, his restrictive lung disease, and his knee pain. A very small portion of the patient’s current knee problems are related to a September 6, 1998, fall.” Lastly, Dr. Katz found that McMil-lian had chronic bursitis in his knees and rated him 3% impaired to each lower extremity.
DISCUSSION
I. DID THE ADMINISTRATIVE LAW JUDGE ERR IN APPLYING THE APPORTIONMENT DOCTRINE, WHICH RESULTED IN AN ERRONEOUS AWARD OF BENEFITS?
¶ 9. In this issue, McMillian claims that the judge applied the apportionment doctrine and, as a result, erroneously awarded benefits. McMillian contends that only pre-existing occupational disabilities necessitate the duty to apportion and that his pre-existing condition, namely his obesity, did not prevent him from performing his occupational duties. At the outset, we note our standard of review in workers’ compensation cases. If supported by substantial evidence, this Court will affirm the findings and order of the Commission. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994). “This Court will reverse an order of the Workers’ Compensation Commission only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence.” Mitchell Buick, Pontiac & Equip. Co. v. Cash, 592 So.2d 978, 980 (Miss.1991). If the Commission’s findings are supported by substantial evidence, appellate courts are bound by the Commission’s findings, even if the evidence would persuade this Court to find otherwise, if it were the fact finder. Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994).
¶ 10. The apportionment doctrine is found in Mississippi Code Annotated Section 71-3-7 (Rev.2000), which states in pertinent part:
Where a preexisting physical handicap, disease, or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which ... would be payable shall be reduced by that proportion which such preexisting physical handicap, disease, or lesion contributed to the production of the results following the injury.
In Stuart’s, Inc. v. Brown, 543 So.2d 649, 654 (Miss.1989), the supreme court found that only “pre-existing occupational disabilities generate a duty to apportion.” However, in the present case, neither party raised the issue of apportionment nor was there any evidence presented to prove that McMillian had a pre-existing disability *348 which caused him to be occupationally disabled prior to his injury at work. The administrative law judge did not address or contemplate apportionment in his order and, therefore, we must presume that the Commission also found that the facts did not warrant an application of the apportionment statute.
¶ 11. In the judge’s order, which was accepted by the Commission and the circuit court, he found that none of McMil-lian’s present problems were the result of his injury at work. The judge found that McMillian’s injury was temporary and therefore awarded him temporary benefits. The judge relied upon expert medical testimony in determining that McMillian had reached maximum medical improvement on September 17, 1999. Although McMilli-an claims he was permanently disabled, the judge stated that McMillian had failed to prove that he was entitled to permanent disability benefits beyond the 3% impairment ratings assigned to each knee. As this Court can only reverse where the Commission’s order is clearly erroneous and contrary to the overwhelming weight of the evidence, we fail to rule so here. We find that there was ample evidence for the Commission to affirm the administrative law judge’s order; thus, this issue is without merit.
¶ 12. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.