BRIDGES, P.J.,
for the Court.
¶ 1. On December 7, 1998, Susan Hudson was injured while making a delivery for her employer, Merit Distribution Services. Hudson filed a claim for workers’ compensation benefits. An administrative law judge found Hudson to be permanently and totally disabled. The Full Commission adopted the administrative law judge’s findings and affirmed. Merit, aggrieved of the Commission’s decision, appealed to the Circuit Court of Union County, Mississippi. The circuit court also affirmed the Commission’s decision. Merit appeals the judgment of the circuit court on the following issues:
I. HUDSON MADE NO REAL EFFORT TO FIND A JOB AND THEREFORE CANNOT SHOW THAT SHE HAS ANY PERMANENT DISABILITY.
II. HUDSON CANNOT PROVE SHE SUFFERED A WORK RELATED INJURY BECAUSE THE EVIDENCE IS TOO INCONSISTENT.
Finding no error, we affirm the decision of the circuit court.
FACTS
¶ 2. Susan Hudson drove trucks while employed with Merit Distribution Services. On December 7, 1998, Hudson drove a truck from New Albany, Mississippi to Mobile, Alabama. After her truck was unloaded and re-loaded, Hudson attempted to close the rear of the truck. She felt some resistance from some loose molding and fell on the concrete dock adjacent to the truck. She had the warehouse manager close the door for her because she had injured her neck and back. Hudson spoke to Merit’s dispatcher and told the dispatcher that the delivery was complete. Hudson also told the dispatcher about her injury.
¶ 3. The next day, Hudson visited Dr. Eric Harding for treatment. On December 12, five days after the accident, Hudson collapsed due to pain. She was rushed to the emergency room. She eventually had two surgeries and several visits to the Methodist Pain Institute and was kept on heavy medication for her injuries. On February 17, 2000, over two years after Hudson’s initial injury, Dr. Roger Cicala, a pain management specialist assigned Hudson a 14% impairment to her body as a whole. Dr. Cicala restricted Hudson to lifting no more than twenty pounds. Dr. Cicala did not think Hudson could return to driving trucks. There is a discrepancy as to whether Hudson was actively looking for employment that fit within the restrictions given by the doctor.
¶4. Hudson testified that she told at least three people at Merit about her injury within thirty days of the accident. She testified that she notified the following people of her injuries: her immediate boss, someone in human resources, and the dispatcher she talked to that night. The dispatcher failed to record that fact in the logs. Hudson also stated that she told several other drivers about her injury. Hudson was receiving short-term disability from Merit in January of 1999. As discussed above, the administrative law judge found Hudson totally and permanently dis *137 abled. The full Commission adopted the administrative law judge’s findings of fact and conclusions of law and affirmed the administrative law judge’s decision. Likewise, the circuit court affirmed the Commission’s decision.
ANALYSIS
¶ 5. “The findings and order of the Workers’ Compensation Commission are binding on the Court so long as they are ‘supported by substantial evidence.’ ” Vance v. Tioin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994) (quoting Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988)). This Court will reverse only where a Commission order is clearly erroneous and contrary to the weight of the credible evidence. Vance, 641 So.2d at 1180; see also Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994). “This Court will overturn a [C]om-mission decision only for an error of law or an unsupportable finding of fact.” Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991). Therefore, this Court will overturn a Commission decision if it finds that the Commission’s decision was arbitrary and capricious. Id.
I. HUDSON MADE NO REAL EFFORT TO FIND A JOB AND THEREFORE CANNOT SHOW THAT SHE HAS ANY PERMANENT DISABILITY.
¶ 6. Merit claims that Hudson made no real effort to find a job within her physical limitations and that the only inquiries she made were merely to satisfy the procedural requirements of filing her complaint with the Worker’s Compensation Commission. The factors to consider in deciding whether the claimant has made an attempt to find employment (a prima facie case of disability) are: (1) economic and industrial aspects of the local community, (2) the jobs available in the community, and (3) the claimant’s general educational background, including work skills and the particular nature of the disability for which compensation is sought. Thompson v. Wells-Lamont Corp., 362 So.2d 638, 641 (Miss.1978). After the claimant makes out a prima facie case of disability, the burden of proof shifts to the employer. The employer must then present evidence showing that the claimant’s efforts to obtain other employment were a mere sham, less than reasonable, or without proper diligence. Id. at 641.
¶ 7. Merit’s argument refers to the evidence offered at trial regarding Hudson’s attempts to find employment. She testified that she applied for work at five companies. At all of them, she applied for a trucking position and claimed that was the only qualification she had. Merit claimed that it could not find listings in the phone book for some of the companies with which Hudson applied. Some of the companies claimed Hudson did not apply for a position with them. The administrative law judge was aware of the extent to which Hudson searched for employment and still found her permanently and totally disabled. The full Commission, as the finder of fact, chose to adopt the administrative law judge’s findings and conclusions in this case. The Commission agreed that the conflicting evidence weighed in Hudson’s favor. Athough the evidence conflicted, we find that there was evidence that suggested Hudson attempted to find subsequent employment. Because there was such evidence, the circuit court’s decision to affirm the full Commission’s ruling is not clearly erroneous. Accordingly, this error is without merit.
II. HUDSON CANNOT PROVE SHE SUFFERED A WORK-RELATED INJURY BECAUSE THE EVIDENCE IS TOO INCONSISTENT.
*138 ¶ 8. In this second assignment of error, Merit highlights inconsistencies in Hudson’s work-related injury claim. Merit points to the medical evidence and questions Hudson’s motivation for claiming an injury. The lay witnesses who testified on Hudson’s behalf had inconsistencies in their stories regarding the specifics of Hudson’s injury. The personnel file on Hudson does not mention an injury until two months afterwards. Hudson’s personnel file was inconsistent with other evidence that Hudson presented. For example, Hudson’s file did not have copies of the doctor’s slips that explained Hudson’s medical reasons for missing work. Another discrepancy was that Hudson claimed that she notified the dispatcher of her injury when it occurred but the dispatcher’s logs do not reflect that notification. Merit claims Hudson created the injury because of other reprimands she received at work.
¶ 9. “[The] [claimant bears the general burden of proof of establishing every essential element of the claim, and it is not sufficient to leave the matter to surmise, conjecture, or speculation.” Toldson v. Anderson-Tully Co., 724 So.2d 399, 402 (¶ 11) (Miss.Ct.App.1998). Despite the conflicting evidence, the administrative judge concluded that Hudson did sustain a work-related injury. In the administrative judge’s order, the administrative judge reflected on the inconsistent evidence that Merit highlights in its appeal. As the finder of fact the Full Commission agreed with the administrative judge that the evidence Hudson presented was more convincing.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.