906 So.2d 874 (2005)
Stewart Lorenz HENSARLING, Appellant,
v.
CASABLANCA CONSTRUCTION CO., INC., A Member of the BCAM Self-Insurers' Fund, Appellee.
No. 2004-WC-00732-COA.
Court of Appeals of Mississippi.
April 5, 2005.
Rehearing Denied June 21, 2005.
*875 Jolly W. Matthews, Hattiesburg, attorney for appellant.
T.G. Bolen, Jr., Jackson, attorney for appellee.
Before BRIDGES, P.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Stewart Lorenz Hensarling worked as a carpenter performing various functions for the Casablanca Construction Company during a ten year period. On March 12, 1998, Hensarling filed a petition to controvert with the Mississippi Workers' Compensation Commission alleging he suffered a compensable injury while performing his duties with Casablanca.
¶ 2. Hensarling's claim was reviewed by the Mississippi Workers' Compensation Commission, and the administrative law judge who presided over the proceeding recommended that Hensarling should be compensated for his injuries. Casablanca appealed the decision of the administrative law judge to the Full Commission, and a full hearing was conducted on December 10, 2001. The Full Commission ruled that the record did not support a finding that Hensarling's injuries were compensable. Hensarling then appealed the decision of the Full Commission to the Circuit Court of Forest County, Mississippi, which ultimately affirmed the Full Commission's ruling.
¶ 3. Aggrieved by the ruling of the circuit court, Hensarling appeals raising the following issue:

I. WHETHER HENSARLING HAS SUFFERED A COMPENSABLE INJURY.
Finding no error, we affirm.

STATEMENT OF FACTS
¶ 4. On March 12, 1998, Hensarling filed his petition to controvert with the Mississippi Workers' Compensation Commission alleging that he suffered a compensable injury while performing his duties for the Casablanca Construction Company. Hensarling alleged that due to his exposure to "toxic chemicals, termite and pest control treatments" he developed "moderate anemia and significant neutropenia" as well as leucopenia, which he describes as "a bone marrow disease ... [that] effects his whole body, and in particular, his hemoglobin, *876 hematocrit, white blood cell count, and platelet count." It was further alleged by Hensarling's petition to controvert that his immune system was affected by leucopenia. Liability for Hensarling's injuries was denied by both Casablanca and the Commission.
¶ 5. On May 16, 2001, an administrative law judge for the Mississippi Workers' Compensation Commission conducted a hearing wherein Hensarling's medical records were introduced, as well as the affidavits of Dr. John Beaman and Dr. Glenn Smith. Casablanca called Thomas Saucier as a witness and introduced the affidavit of Dr. Robert Cox.
¶ 6. The administrative law judge concluded that Hensarling suffered a work-related injury during the course and scope of his employment. It was further concluded that Hensarling was both permanently and totally disabled and was entitled to receive $270.67 per week, beginning March 8, 1997, and to continue for the maximum statutory period of 450 weeks.
¶ 7. Upon the ruling of the administrative law judge, Casablanca filed a petition for appeal to the Full Commission. The Full Commission conducted a hearing on December 10, 2001, and concluded that the preponderance of proof did not support a finding that Hensarling's illnesses resulted from his work environment. Accordingly, the Full Commission reversed the decision of the administrative law judge.
¶ 8. Hensarling appealed the decision of the Full Commission to the Circuit Court of Forrest County, Mississippi. Initially, the circuit court reversed the decision of the Full Commission, but, following Casablanca's motion to alter or amend judgement and/or motion for rehearing, the circuit court reversed its prior order and affirmed the decision of the Full Commission, which held that Hensarling was not entitled to receive workers' compensation benefits.

LEGAL ANALYSIS

I. WHETHER HENSARLING HAS SUFFERED A COMPENSABLE INJURY.

STANDARD OF REVIEW
¶ 9. This Court does not sit as the trier of fact. S. Cent. Bell Tel. Co. v. Aden, 474 So.2d 584, 588 (Miss.1985). We will reverse the Commission's findings only when such findings are clearly erroneous and contrary to the overwhelming weight of the evidence. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994). "If there is substantial evidence to support the Commission's decision, the Commission must be affirmed `even though the evidence would convince this Court otherwise, were we the fact finder.'" Harrell v. Time Warner/Capital Cablevision and Travelers Cas. and Sur. Co., 856 So.2d 503, 506(¶ 6) (Miss.Ct.App.2003) (citing Fought v. Stuart C. Irby, Co., 523 So.2d 314, 317 (Miss.1988)).

DISCUSSION
¶ 10. As stated by the standard of review applicable in workers' compensation matters, this Court must look to the record to determine whether the findings of the Commission are supported by adequate evidence. As the Commission acts as the finder of fact, and determines the weight and credibility to be accorded the evidence, this Court will reverse only where a Commission order is clearly erroneous and contrary to the weight of the credible evidence. Vance, 641 So.2d at 1180.
¶ 11. A review of the proceedings below shows that the administrative law judge who presided over Hensarling's claims found that Hensarling was entitled to the *877 benefits prescribed by the workers' compensation statute. This decision was reversed by the Full Commission, which held that Hensarling had not met the burden of proving the causal connection between his medical condition and his employment with Casablanca, thus failing to make out a prima facie case of disability. The Full Commission further held that Casablanca provided affirmative proof that Hensarling's illness was not the result of a workrelated cause, and that the case sub judice is distinguishable from Sharpe v. Choctaw Elec. Enter., 767 So.2d 1002 (Miss.2000), contrary to Hensarling's contention.
¶ 12. In making the determination that Hensarling failed to make out a prima facie case of disability, the Commission found that Hensarling was indeed seriously ill and that his disability resulted from the illness, but, that little probative evidence was presented which supported the theory that Hensarling's illness was a result of his employment. The Commission concluded that Hensarling failed to present evidence linking his illness to his work environment. Statements that he "walked through some smoke caused by the burning of leaves, lumber and some rolls of visquine which made him feel nauseated at the time," worked with asbestos during his forty-year career as a carpenter, and installed visquine over ground which was recently sprayed by some form of insecticide up to a maximum of a few times per year did not provide sufficient support for his claim that his illness was work related. In reaching this conclusion, the Commission reviewed the testimony presented to the administrative law judge of Dr. John M. Bearman, a family practice physician; Dr. Glenn Smith, who is board certified in internal medicine with sub-specialties in hematology and medical oncology, and who by stipulation of the parties was an expert in the field of hematology; and Dr. Robert Cox, a board certified physician in emergency medicine and toxicology.
¶ 13. In making its determination that Hensarling failed to make out a prima facie case of disability, the Commission relied heavily on the testimony of Dr. Beaman, who began treating Hensarling in 1992 for many conditions and began prescribing co-trimoxazole for treatment of some of his conditions. Further, Dr. Bearman testified that he did not form an opinion as to the cause of Hensarling's condition when he determined in March of 1997 that Hensarling was suffering from neutropenia. The Commission relied on Dr. Bearman's statement concerning the causal relationship of Hensarling's condition in answer to a question to which he replied, "No, I had no idea."
¶ 14. Next, the Commission found affirmative proof that Hensarling's illness was not the result of a work-related cause in the testimony of Dr. Robert Cox, a toxicologist. Dr. Cox's testimony was that Hensarling's condition is the result of ingesting co-trimoxazone during 1994 and 1995, the medication prescribed by Dr. Bearman for treatment of Hensarling's sinus and urinary tract infections. The deposition of Dr. Bearman reinforced Dr. Cox's testimony. In his deposition, Dr. Bearman stated that Hensarling's condition of neutropenia could have resulted from an adverse reaction to medication, a viral infection, a bacterial infection, or from an autoimmune disease.
¶ 15. Dr. Bearman further stated that he was not able to determine the cause of Hensarling's illness and that he would defer to Dr. Glen Smith, the hematologist and oncologist to which he referred Hensarling. The Commission's decision was further based upon the testimony of Dr. Smith who began treating Hensarling in March 1997, and who opined "nowhere can I tell you with certainty at all about what *878 is the definite etiology of this." Dr. Smith further testified that "I have not been able to identify any chemical that I know of, for sure [that caused Hensarling's condition.]" Thus, the Commission was justified in relying upon the testimony of Dr. Cox, who was the only doctor of the three who was able to offer affirmative medical testimony explaining the origins of Hensarling's neutropenia. Finally, Hensarling relied on the case of Sharpe v. Choctaw Elec. Enter., 767 So.2d 1002 (Miss.2000), to support his contention that his condition was work related. The Full Commission distinguished the Sharpe decision from the case sub judice in its finding that there was an identifiable chemical exposure at Choctaw Electronics which could have caused Sharpe's injury, whereas there was no identifiable chemical exposure during Hensarling's employment with Casablanca. The Full Commission found further that Hensarling had, in fact, failed to present evidence of any substance to which he was exposed during the performance of his duties which could cause neutropenia.
¶ 16. The Commission cited the Mississippi Supreme Court case of Sperry-Vickers, Inc. and Liberty Mut. Ins. Co. v. Honea, 394 So.2d 1380 (Miss.1981), which held that in order to recover workers' compensation benefits, the claimant must prove that he has suffered an occupational disease as a result of his or her employment. The Commission further ruled that such injuries must be proven by credible medical evidence rather than by mere speculation and that Hensarling did not even prove the causal relationship between his injury and his employment by speculative testimony, as the testimony which was offered would not support the conclusion that Hensarling's illness was a result of his employment environment. However, credible medical evidence was present in the record which supported the finding that the origin of Henserling's neutropenia was ingestion of co-trimoxazole and such evidence was uncontradicted.
¶ 17. Under our deferential standard of review of the findings of the Commission in this case, it cannot be stated that those findings were clearly erroneous and contrary to the overwhelming weight of the evidence. Rather, the Commission relied on the expert testimony of the only witness who could give a definitive statement as to possible side effects of the prescription drug co-trimoxazole. Hensarling's expert witnesses stated unequivocally that they were not qualified to give a definitive opinion as to the heightened risk of developing neutropenia due to ingestion of co-trimoxazole.
¶ 18. As the Mississippi Supreme Court has previously ruled in the Sperry-Vickers decision, it is incumbent upon the claimant to prove that he suffered an occupational disease as a result of his or her employment. It cannot be stated that the Commission erred in finding that Hensarling failed to prove such. Therefore, we affirm the ruling of the circuit court.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. BRIDGES, P.J., NOT PARTICIPATING.