926 So.2d 938 (2006)
The UNIVERSITY OF MISSISSIPPI MEDICAL CENTER and MS Institutions of Higher Learning Workers' Compensation Trust Fund, Appellants
v.
Toni G. RAINEY, Appellee.
No. 2005-WC-00773-COA.
Court of Appeals of Mississippi.
April 18, 2006.
*939 A. Lee Abraham, John T. Wakeland, attorneys for appellants.
William Ross Bradley, Clarksdale, attorney for appellee.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Toni Rainey was the chief radiology technician at the University of Mississippi Medical Center at its Parchman clinic. On April 19, 2002, Rainey suffered an injury at work, which caused significant back and leg pain. Rainey underwent corrective surgery, but, during this time, she developed a bladder control problem as a result of nerve damage from the injury. Rainey testified that she wears bladder control pads all the time. After back surgery, Rainey continued to experience pain and was ultimately fitted with a molded brace she wears during the day. Rainey also wears a TENS unit to help alleviate the pain and continues to see a physical therapist.
¶ 2. Rainey's treating physician allowed her to go back to work in June 2002, but she was instructed to refrain from engaging in physically demanding activities. Rainey left her position at the clinic on September 30, 2003, because she "could not handle it."
¶ 3. On June 19, 2003, Rainey filed a petition to controvert, alleging that she sustained a work-related injury to her back. A hearing was held before the administrative judge on May 26, 2004. In *940 her order, the administrative judge noted that the parties stipulated that Rainey suffered a compensable work-related injury. Ultimately, the administrative judge found that Rainey had suffered a 50% loss of wage earning capacity as a result of the injury and awarded her permanent partial disability benefits of $322.90 per week beginning September 10, 2002, and continuing for 450 weeks. The administrative judge also stated that Rainey was entitled to reasonable and necessary medical services and supplies as consistent with statutory provisions.
¶ 4. UMC, along with the Mississippi Institutions of Higher Learning Workers' Compensation Trust Fund (collectively UMC), petitioned the Workers' Compensation Commission (Commission) for a review of the administrative judge's decision. A hearing was held before the Commission on October 4, 2004, wherein the Commission affirmed the ruling of the administrative judge.
¶ 5. UMC then appealed to the Sunflower County Circuit Court. On March 9, 2005, the trial court entered an order affirming the decision of the Commission. UMC now appeals to this Court asserting numerous issues that all relate to whether the decision of the Commission was supported by substantial evidence.

STANDARD OF REVIEW
¶ 6. The Commission is the ultimate fact-finder. Accordingly, the Commission may accept or reject an administrative judge's findings. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994). This Court will affirm the Commission's findings of fact if they are supported by substantial evidence. Id. In other words, "[t]his Court will reverse an order of the [Commission] only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence." Id. Doubtful claims should be resolved in favor of compensation, so as to fulfill the beneficial purposes of statutory law. Sharpe v. Choctaw Electronics Enterprises, 767 So.2d 1002, 1006(¶ 19) (Miss.2000).

DISCUSSION

I. WAS THE DECISION OF THE COMMISSION SUPPORTED BY SUBSTANTIAL EVIDENCE?
¶ 7. UMC argues that Rainey offered no evidence of a loss of wage-earning capacity nor did she present any evidence of any job search efforts following her resignation. A presumption of no loss of wage earning capacity arises when the claimant's post-injury earnings are equal to or exceed pre-injury earnings. Gen. Elec. Co. v. McKinnon, 507 So.2d 363, 365 (Miss.1987). The claimant may rebut the presumption by presenting evidence that the post-injury earnings are an unreliable indicator of wage earning capacity. Id. "[A]ny factor or condition which causes the actual post-injury wages to become a less reliable indicator of earning capacity will be considered." Id. See Hall of Miss., Inc. v. Green, 467 So.2d 935 (Miss.1985).
¶ 8. The undisputed medical evidence was that Rainey's injury resulted in a significant limitation on her ability to perform her job. Rainey was unable to lift objects or bend or stoop, all necessary requirements of her job. There was testimony that Rainey needed assistance in completing her job requirements at the clinic, namely the lifting of patients and handling the x-ray machine. Ultimately, it became difficult to keep an adequate staff at the clinic to help Rainey. At the time of her injury, Rainey worked two other jobs in addition to her position at the Parchman clinic. Eventually, Rainey was unable to continue in these additional employment positions.
*941 ¶ 9. One of Rainey's treating physicians, Dr. Rodney Frothingham, allowed Rainey to return to work after her accident, but instructed her to refrain from any heavy lifting. Dr. Frothingham also opined that Rainey would be unable to continue working as a radiology technician.
¶ 10. We cannot find that the Commission's order was clearly erroneous or contrary to the overwhelming weight of the evidence; thus, we affirm.
¶ 11. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.