MALONE & HYDE OF TUPELO, INC., et al. *v.* KENT

No. 43211          November 9, 1964          168 So. 2d 526

*Mitchell, McNutt & Bush,* Tupelo, for appellants.

*W. P. Mitchell, Jess B. Rogers,* Tupelo, for appellee.

ETHRIDGE, J.

In this workmen's compensation case, Ruble Kent, appellee, received an injury to his back while working at his job for Malone & Hyde of Tupelo, Inc., appellant. The question is the extent of Kent's permanent partial disability, which determines the amount of his workmen's

compensation benefits. The commission found that he sustained a loss of wage-earning capacity of eighteen dollars per week, or approximately twenty-seven and one-half percent. This order was approved by the Circuit Court of Lee County, and we think it was amply supported by the evidence.

██ █ Kent was thirty-four years of age, with a sixth grade education and no special job training. He was qualified for manual labor only. He worked about three years for appellant, at first loading trucks, and for six months as an order selector, which involved lifting sacks and boxes, placing them on a cart, and delivering them to a ramp for transfer to a truck. The accidental injury to his back occurred .while he was picking up a sixty pound bag of sugar. The employer referred him to Dr. Malcolm Moore, who found muscle spasm in the lower part of the back, and some limitation in motion. X rays reflected a narrowing of the disc space between two spinal intervals. He concluded that Kent sustained a ruptured disc. Kent declined surgery, and continued to have considerable pain in his back. On several occasions he attempted to return to work, but because of the pain was unable to do so. He has not been able to obtain jobs at other establishments at which he applied.

Moore estimated Kent's functional disability as ten percent, and ''about fifteen percent as far as manual labor is concerned,'' being the loss of wage-earning capacity from the accident. Claimant testified about his continuing pain, inability to work, and failure to obtain a job at other places to which he had applied. An orthopedic surgeon said he examined Kent on two occasions, could not find enough evidence to justify a conclusion of a herniated disc or nerve root compression, although he conceded Kent's symptoms indicated them, and that he ''could have'' had a ruptured disc.

The commission concluded that, as the consequence of the back injury, Kent ''suffered a loss of wage-earning

capacity in the amount of eighteen dollars per week,''
or about twenty-seven and one-half percent. Miss. Code
Ann. § 6998-09(c)(25) (Supp. 1962).

■ ■ I. Taitel & Son v. Twiner, 247 Miss. 785, 157
So. 2d 44 (1963), under similar circumstances, held that
the commission could consider the ''two ingredients of
actual physical injury and de facto wage loss.'' 247
Miss. at 793, 157 So. 2d at 46. Although Twiner had a
functional disability of only twenty percent, the com-
mission was affirmed in finding a total and permanent
loss of wage-earning capacity. It considered claimant's
own testimony in regard to her inability to work, limited
education and training, failure to obtain employment
elsewhere, continuing pain, and all related circumstances.

In the instant case, the commission was not confined
to Dr. Moore's estimate of loss of wage-earning capaci-
ty. It had the power and duty to evaluate other evidence
relating to the above factors, which might be of proba-
tive value on this issue. The question is to be determined
from the evidence as a whole. Hale v. General Box
Manuf. Co., 235 Miss. 301, 180 So. 2d 844 (1959); Modern
Laundry v. Williams, 224 Miss. 174, 79 So. 2d 829 (1955);
Lucedale Veneer Co. v. Keel, 223 Miss. 821, 79 So. 2d
233 (1955); Dunn, Mississippi Workmen's Compensa-
tion Law § 173.1 (1957). Somewhat related to this issue
is Southeastern Construction Company v. Dodson, 247
Miss. 1, 153 So. 2d 276 (1963), which recognized that
the commission had a considerable discretion in appor-
tioning the contribution of a preexisting disease to the
results following injury. There is no precise formula
by which apportionment may be determined, but that
does not relieve the agency of the duty to make one on
the basis of all of the evidence.

Affirmed.

*Kyle, P. J., and Gillespie, Rodgers and Patterson, JJ.,*
concur.