CHANDLER, J.,
Dissenting:
¶ 27. With respect, I dissent from the majority’s decision to reverse this case and remand it to the Commission for further findings. Our familiar standard of review is that this Court must affirm a decision of the Commission if it properly applied the law and was supported by substantial evidence. Weatherspoon v. Croft Metals, Inc., 853 So.2d 776, 778(¶ 6) (Miss. 2003). The majority finds that the Commission improperly applied the law, which necessitates reversal and remand for proper application of the law. Curiously, the majority also concludes that there was not substantial evidence before the Commission to support a finding for Essary. Usually, this conclusion would necessitate a reversal of the Commission’s award of benefits, not a remand for new fact-findings. See Bechtel Corp. v. Phillips, 591 So.2d 814, 818 (Miss.1991) (reversing and rendering a Commission decision that was unsupported by substantial evidence). Contrary to the majority’s conclusion, I believe that the Commission properly applied the law in this case and made all the requisite fact-findings, which were supported by substantial evidence. Therefore, I would affirm the decision of the circuit court affirming the Commission’s award of permanent total disability benefits to Essary.
*160 ¶ 28. According to my perusal of the record and briefs, this is a relatively simple case in which the Commission, in affirming the decision of the administrative law judge, did not allocate an improper burden to Lane and rendered a decision substantially supported by the evidence. I believe it helpful to begin by outlining the burden-shifting framework for a claim of permanent disability. The disability inquiry focuses on whether a work-related injury caused the claimant to lose wage-earning capacity, meaning that the claimant’s physical condition prevents her from commanding the pre-injury wage in the job market. Kitchens v. Jerry Vowell Logging, 874 So.2d 456, 468(¶ 44) (Miss.Ct. App.2004). An injured employee may establish a prima facie case of permanent, total disability by proving that, after a reasonable job search, she cannot secure work in the same or other employment. Pontotoc Wire Products Co. v. Ferguson, 384 So.2d 601, 603 (Miss.1980). The case of Jordan v. Hercules, 600 So.2d 179, 183 (Miss.1992), stated that a claimant with a partial disability establishes a prima facie case of permanent, total disability by showing she reported back to the employer for work, and the employer refused to reinstate or rehire her.
¶ 29. The establishment of a prima facie case shifts the burden to the employer to show that the employee has in fact suffered no loss of wage earning capacity or only a partial loss of wage earning capacity. Id. at 183. The employer may accomplish this by showing that the claimant’s job search was unreasonable or constituted a mere sham. Hale v. Ruleville Health Care Ctr., 687 So.2d 1221, 1227 (Miss. 1997). Moreover, there is a rebuttable presumption of no lost wage earning capacity if the employee returns to work after the injury and earns a wage equal to or exceeding her pre-injury wage. Spann v. Wal-Mart Stores, Inc., 700 So.2d 308, 313(¶ 20) (Miss.1997). The claimant may rebut the presumption with evidence that the post-injury wage was paid out of sympathy for the injured worker, that general wage levels increased since the time of the injury, or that there was some other reason that the wage does not reflect the claimant’s actual wage earning capacity in the open labor market. Id. at (¶¶ 20-21).
¶ 30. The Commission must determine the existence and extent of a claimant’s disability by considering the evidence as a whole, evaluating factors such as “the amount of the education and training which the claimant has had, his inability to work, his failure to be hired elsewhere, the continuance of pain, and any other related circumstances.” McGowan v. Orleans Furniture, Inc., 586 So.2d 163, 167 (Miss. 1991) (citing Malone & Hyde of Tupelo, Inc. v. Kent, 250 Miss. 879, 882, 168 So.2d 526, 527 (1964)). In assessing the reasonableness of a claimant’s job search, relevant factors for consideration are: “the economic and industrial aspects of the local community, the jobs available in the community and surrounding area, the claimant’s general educational background, including work skills, and the particular nature of the disability for which compensation is sought.” Thompson v. Wells-Lamont Corp., 362 So.2d 638, 641 (Miss. 1978). A claimant will be deemed permanently totally disabled if, due to the injury, she is disqualified for regular employment in the labor market. Roling v. Hatten & Davis Lumber Co., 226 Miss. 732, 741, 85 So.2d 486, 489 (1956).
¶ 31. This Court adheres to a limited standard of review of decisions of the Workers’ Compensation Commission. Weatherspoon v. Croft Metals, Inc., 853 So.2d at 778(¶ 6). We will overturn the Commission decision only for an erroneous application of law or if the decision was not supported by substantial evidence and is *161 arbitrary and capricious. Id. Absent these errors, this Court may not, in the exercise of its review function, invade the decision-making authority of the agency. Miss. State Tax Comm’n v. Mississippi-Alabama State Fair, 222 So.2d 664, 665 (Miss. 1969). Thus, a Commission decision that is supported by substantial evidence may not be overturned even if, were this Court acting as the fact-finder, we would have reached the opposite conclusion. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994).
¶ 32. In the instant case, the administrative law judge found that, because Es-sary did not present herself to Lane and request work, Essary was not entitled to a presumption of permanent, total disability pursuant to Jordan. Having dispensed with the Jordan presumption, the administrative law judge examined whether Es-sary had proven that she was unable to find work in the same or other employment. The administrative law judge found that Essary could not return to her pre-injury job at Lane. In fact, it was undisputed that Essary was medically unable to return to her pre-injury job. Dr. Clark stated that Essary could not return to her pre-injury job without “a lot of accommodations.” Lane’s human resources manager, Jon Stembridge, admitted that Essary’s work restrictions would prevent Essary from returning to her pre-injury job.
¶ 33. Next, the administrative law judge dealt with Lane’s argument that, in order to prove permanent, total disability, Essary had to show that she reported back to Lane and requested work. Lane argued that, had Essary requested employment, Lane would have crafted a job for Essary with accommodations for her work restrictions. The job with accommodations might have been entirely distinct from Essary’s former job or might have been a modified version of her old job, with accommodation such as having an assistant lift the tubs and material for Es-sary. Lane reasoned that, because Essary never contacted Lane for work and Lane would have accommodated Essary had she done so, Essary was not entitled to permanent total disability benefits.
¶ 34. The administrative law judge rejected Lane’s argument upon a finding that Essary’s failure to attempt a return to work at Lane was reasonable under the circumstances. The administrative law judge cited evidence supporting his conclusion. The administrative law judge recognized that the rehabilitation nurse, Nancy Hamblin, had been present when Dr. Clark gave Essary her work restrictions in March 2001. From this fact, the administrative law judge found that Lane had been on notice of Essary’s work restrictions since March 2001 and never contacted Essary about returning to work. The administrative law judge also cited the testimony of Essary and Stembridge about Essary’s meeting with Stembridge at Lane. Both Essary and Stembridge stated that Essary gave him a copy of her work restrictions at that time. Essary testified that Stembridge, after reviewing her work restrictions, told her, “[it Ijooks like you may not be able to come back to work.” Stembridge testified that he did not know of a job at Lane that Essary could perform within her work restrictions, and the administrative law judge found that Lane would have had to “make up a job” especially for Essary. The administrative law judge found that Essary’s failure to apply at Lane was reasonable under the circumstances. The administrative law judge went on to consider Essary’s job search, age, education, work history, injury, and social security disability status and found that Essary was permanently, totally disabled.
*162 ¶ 35. The majority concludes that the administrative law judge placed a burden upon Lane to offer Essary employment with accommodation. I disagree with the majority’s interpretation of the administrative law judge’s decision. As discussed above, the disability inquiry focuses on the claimant’s loss of wage earning capacity, which may be evidenced by the claimant’s job search. Pontotoc Wire Products Co., 384 So.2d at 603. During the job search, the claimant should seek jobs in the locality for which she is suited considering her age, education, work experience, and physical condition. Id. The administrative law judge recognized the undisputed evidence that Essary was no longer qualified to perform the duties of her pre-injury job. Therefore, she was not required to attempt a return to her pre-injury job. Ga. Pac. Corp. v. Taplin, 586 So.2d 823, 828-29 (Miss.1991) (The law does not require the claimant to show that he has been rejected because of the disability at jobs for which he no longer considers himself a qualified applicant). To me, the real question raised by Lane’s argument was whether or not Essary’s job search was rendered unreasonable by her failure to inquire about the availability of work within her restrictions at Lane. The administrative law judge found from the evidence cited above that, during ■ Essary’s job search, it was reasonable for her to believe that Lane had no such work available. In my view, the evidence cited by the administrative law judge was substantial support for that conclusion.
¶ 36. Further, the administrative law judge did not presume Essary was disabled. Instead, after considering the various factors relevant to a finding of permanent disability, the administrative law judge found Essary to be permanently, totally disabled. The evidence showed that Essary was sixty-two years old, had a work history of manual labor, and lacked clerical skills. The administrative law judge stated that Essary had significant work restrictions. That finding was supported by the testimony of Dr. Clark as to Essary’s work restrictions, his statement that Essary may be actually more or less impaired than indicated by those restrictions, and his statement that Essary could cause further injury to her back unless she stayed within the restrictions. The administrative law judge accepted Essary’s job search and found it to be extensive but unsuccessful. Indeed, there was evidence that Essary contacted twenty-seven employers and the potential employers located by the vocational rehabilitation specialist, but her job search was fruitless. This level of diligence has been found to support a finding that the claimant’s job search was reasonable. See Pontotoc Wire Products Co., 384 So.2d at 604. Obviously, the administrative law judge, who acted as the Commission’s fact-finder in this case and observed all of the witnesses, rejected any evidence that Essary’s job search was pretextual.
¶ 37. I believe that the evidence of Es-sary’s advanced age, work history of manual labor, lack of clerical skills, physical condition, job search, and social security disability status substantially supported the administrative law judge’s finding that Essary could not obtain regular work in the labor market. When substantial evidence exists supporting an agency decision, this Court may not disturb the agency decision even if, were this Court the fact-finder, we would have reached a different conclusion. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994). Since the Commission has already determined the issues of Essary’s inability to return to her pre-injury job, the import of Lane’s assertion that it could have accommodated Essary, and the reasonableness of Essary’s job search, I believe that *163 further fact findings are entirely unnecessary. I would affirm the decision of the circuit court affirming the Commission.
BRIDGES AND LEE, P.JJ., AND MYERS, J., JOIN THIS SEPARATE WRITTEN OPINION.