RUSSELL, J„
for the Court:
¶ 1. Von Brock appeals the Mississippi Workers’ Compensation Commission’s (“Commission”) order denying his motion to disregard the statutory requirement of using a mortality table to determine the present value of future compensation payments for the purpose of making a lump-sum payment of benefits. Brock raises one issue on appeal: whether Mississippi Code Annotated section 71-3-37(10) (Rev. 2011) is applicable to his case. Wal-Mart and American Home Assurance Company (“appellees”) state the issue as follows: whether the Commission was correct in denying Brock’s motion to suspend the requirement of present-value discount based on mortality tables under the mandate of Mississippi Code Annotated section 71-3-37(10). Upon review, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On July 31, 2008, Brock suffered a work-related injury at Wal-Mart. Brock was seventy-seven years of age at the time of his injury and had been working for Wal-Mart on a part-time basis. On August 28, 2009, Brock filed a petition to controvert, alleging he was injured in the course and scope of his employment with Wal-Mart. Specifically, Brock alleged that he was working as a “people greeter” in the garden center and was moving a lawnmower for a customer when the handle of the lawnmower fell off, causing him to fall. As a result, Brock suffered a fracture to his left leg.
¶ 3. Brock sought medical treatment from Dr. Sudhakar Mandanagopal, who performed surgery to repair the subtro-chanteric fracture to Brock’s left femur on August 1, 2008. Dr. Mandanagopal found that Brock reached maximum medical improvement (MMI) on June 18, 2009. On January 7, 2010, Dr. Mandanagopal noted that Brock would not require additional surgical intervention, and he assigned Brock a twenty percent full body impairment as a result of the fracture and Brock’s leg-length discrepancy.
¶ 4. On December 1, 2010, the administrative judge (AJ) heard Brock’s claim. The parties stipulated that Brock’s MMI date was March 26, 2010; that Brock’s average weekly wage was $245.49 per week; that Brock never returned to work for Wal-Mart after his injury; and that Brock had not conducted an independent job search for other employment. The only issue presented to the AJ was the nature and extent of disability attributable to the work injury.
¶ 5. Following the hearing, the AJ issued her opinion on January 14, 2011. The AJ found that Brock suffered a total loss of wage-earning capacity and was entitled to permanent and total disability benefits as a result of his work injury. Therefore, the AJ ordered the appellees to pay Brock permanent and total disability benefits in the amount of $163.67 per week beginning on July 31, 2008, and concluding after the statutory maximum of 450 weeks, with credit for any wages earned post-injury or any disability benefits previously paid. This amount was computed based on the stipulated average weekly wage of $245.49.
¶ 6. Subsequently, Brock requested a lump-sum payment of his benefits. Brock *1154 also requested a calculation of lump-sum benefits. On January 25, 2011, Brock’s lump-sum benefits were calculated as follows:
Total Award:
450.000000 weeks at $167.67 07/31/2008 to completion $75,451.50
Total due without discount: 131.714286 weeks at $167.67 07/31/2008 to 02/07/2011 $22,084.53
Less credits: $20,084.53
Remaining to be discounted: 318.285714 weeks at $167.67 02/08/2011 to completion $53,366.97
Less discount: $22,891.27
Lump[-]sum award: $30,475.70
8% Interest C/3 -q ^
10% Interest C/3 -q to
Total amount due: $31,883.63
117. On February 8, 2011, Brock filed with the Commission a motion to suspend the requirement of a present-value discount being utilized based on mortality tables. Brock argued that he was being penalized due to his age of 79 years. Brock further argued that the discount applied to his lump-sum award should be disregarded due to his “good state of health.” According to Brock, he had already outlived the usual life expectancy of a white male; therefore, it would be prejudicial to him to use the mortality tables in calculating his lump-sum award. Therefore, he proposed that the Commission discount his lump-sum award by only 4%, rather than using the formula under Mississippi Code Annotated section 71-3-37(10).
¶ 8. On February 18, 2011, appellees filed their response, arguing that section 71-3-37(10) mandates the use of mortality tables in calculating the lump-sum value. On June 21, 2011, the Commission entered an order denying Brock’s motion as follows:
This matter is before the Commission to consider [Brock’s] [m]otion to [sjuspend [the][r]equirement of [p]resent [v]alue [discount [b]eing [utilized [b]ased on [m]ortality [tjables. Essentially, [Brock] received a lump[-]sum payment of benefits which had been awarded him, and these benefits were commuted to a lump sum, with statutorily required discounts, in accordance with [section] 71-3-37(10)[J Because of [Brock’s] advanced age, the total present value discount was significant, and he is asking that we ignore a statutory command to utilize a mortality discount factor, and instead suspend this requirement in his case.
Having considered the applicable law, along with the response filed by the [e]mployer and [c]arrier, we hereby deny [Brock’s] [motion].
¶ 9. On July 13, 2011, Brock appealed the denial of his motion.
*1155 DISCUSSION
¶ 10. “The standard of review in appeals of workers’ compensation cases is limited; this Court must determine only whether the decision of the Commission is supported by substantial evidence and whether the law was correctly applied.” Scott v. KLLM, Inc., 37 So.3d 713, 715 (¶ 9) (Miss.Ct.App.2010) (citing Ga. Pac. Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991)). “The Commission sits as the ultimate finder of facts; its findings are subject to normal[ ] deferential standards upon review.” Id. (quoting Casino Magic v. Nelson, 958 So.2d 224, 228 (¶ 13) (Miss.Ct.App.2007)). Because our review is limited, we “will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious.” Id. (quoting Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 448 (¶ 8) (Miss.Ct.App.1999)). This Court maintains a “deferential standard even when we would have been persuaded to rule otherwise if we had been the fact-finder.” Id. (citing Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994)).
¶ 11. We note at the outset that neither party cites any case law to support their respective arguments. Instead, each party cites Mississippi Code Annotated section 71-3-37(10), which states:
Whenever the [C]ommission determines that it is for the best interests of a person entitled to compensation, the liability of the employer for compensation, or any part thereof as determined by the [C]ommission, may be discharged by the payment of a lump sum equal to the present value of future compensation payments commuted, computed at four percent (4%) true discount compounded annually. The probability of the death of the injured employee or other person entitled to compensation shall be determined in accordance with validated actuarial tables or factors as the [C]ommission finds equitable and consistent with the purposes of the Workers’ Compensation Law, and the probability of the remarriage of the surviving spouse or other person entitled to compensation may be determined in accordance with rules adopted by the [C]ommission[,] which shall apply validated actuarial tables or factors as the [Cjommission finds equitable and consistent with the purposes of the Workers’ Compensation Law. The probability of the happening of any other contingency affecting the amount or duration of the compensation shall be disregarded. The [C]ommission shall be the sole judge as to whether or not a lump-sum payment shall be to the best interest of the injured worker or his dependents.
(Emphasis added). According to the plain language of the statute, the “probability of the death of the injured employee ... shall be determined in accordance with validated actuarial tables or factors,” and the Commission shall disregard the “probability of the happening of any other contingency affecting the amount or duration of the compensation[.]” Id. The use of the word “shall” makes these provisions mandatory. See, e.g., Pickering v. Langston Law Firm, P.A., 88 So.3d 1269, 1275 (¶ 21) (Miss.2012) (holding that where a statute “includes the mandatory term ‘shall,’ [an appellate court does] not view its restriction as a suggestion — it is a mandate”). Further, this Court is “bound to follow a statute’s clear, expressed mandate.” Knight v. Miss. Trans. Com’n, 10 So.3d 962, 968 (¶ 18) (Miss.Ct.App.2009). As this Court has previously noted, it is the role of the Legislature, not the courts, to create and modify statutes:
Mississippi Workers’ Compensation Law is a legislative creation providing for the *1156 payment of insurance benefits to injured workers. The Legislature alone has the power to create and modify statutes. This Court may not insert provisions into a statute that the Legislature did not see fit to enact; to do so would overreach our judicial authority.
Washington v. Woodland Village Nursing Home, 25 So.3d 341, 358 (¶ 44) (Miss.Ct.App.2009) (internal citations omitted). Thus, this Court is without authority to disregard the plain meaning of section 71-3-37(10), which mandates that the Commission use actuarial tables in determining the present value of future compensation payments when the Commission grants a lump-sum award.[1] For the above reasons, we find that Brock’s appeal is without merit.
¶ 12. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. We note that it was Brock’s choice to take a lump-sum payment.