JAMES, J.,
for the Court:
¶ 1. Danny Rea appeals the Chickasaw County Circuit Court’s affirmance of the Mississippi Worker’s Compensation Commission’s decision, which declined to reopen Rea’s workers’ compensation claim after it was dismissed for failure to prosecute. He raises one issue on appeal: whether the Commission erred in failing to reopen his claim under Mississippi Code Annotated section 71-3-53 (Rev.2011) because of a mistake in a determination of fact. Upon review, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Rea was employed as a truck driver and unloader at Foamex. On March 22, 2002, Rea filed a petition to controvert with the Commission, alleging that he suffered a compensable injury on March 7, 2002. On April 10, 2002, Foamex and its insurance carrier, American Home Assurance Company (“American”), filed their answer.
¶ 3. On April 10, 2002, Foamex and American filed a motion for leave to suspend benefits after Rea was terminated for allegedly threatening violence against others at work. On April 18, 2002, Rea filed *857 his response, which denied any violence, and a motion to authorize medical treatment.
¶ 4. Almost one year later, on March 20, 2003, Foamex and American filed a notice of independent medical examination. On July 15, 2003, Foamex and American filed a second motion for leave to suspend benefits. On September 12, 2003, the administrative judge (AJ) entered an order granting the motion for leave to suspend benefits.
¶ 5. On November 10, 2003, the AJ entered an order dismissing Rea’s claim for his failure to file a completed prehearing statement, but the AJ expressly stated that Rea could file a motion to reinstate his claim if he completed a prehearing statement. On May 14, 2004, Rea filed a motion to reinstate his claim, and he attached a prehearing statement. Thus, on May 19, 2004, the AJ entered an order reinstating Rea’s claim.
¶ 6. On June 3, 2004, Foamex and American filed their prehearing statement. On June 18, 2004, a notice of hearing was entered, setting the hearing on the merits for September 29, 2004, but that hearing was cancelled by order dated September 16, 2004. On September 16, 2004, another notice of hearing was entered, setting the hearing on the merits for January 5, 2005, but that hearing was cancelled by order dated January 5, 2005.
¶ 7. On June 27, 2005, Foamex and American filed their notice of final payment. On October 19, 2005, the AJ entered an order allowing Rea’s attorney, Michael Williams, to withdraw as counsel. On November 21, 2005, attorney Carter Dobbs Jr. entered his appearance for Rea.
¶ 8. On July 7, 2006, a notice of hearing was entered, setting a hearing on the merits for November 1, 2006. On October 3, 2006, Foamex and American filed a pre-hearing statement. On November 3, 2006, a notice of hearing was entered, setting a hearing on the merits for February 13, 2007. On January 26, 2007, Foamex and American filed a supplemental prehearing statement.
¶ 9. On February 27, 2007, a notice of hearing was entered, setting a hearing on the merits for May 15, 2007. On May 1, 2007, Rea filed a motion for continuance of the hearing set for May 15, 2007, in order to take the deposition of Rea’s treating physician. On May 3, 2007, Foamex and American filed their response to Rea’s motion for continuance, noting that the case had already been continued several times.
¶ 10. On May 10, 2007, a notice of hearing was entered, setting the case for a telephonic prehearing conference on May 11, 2007. On May 15, 2007, a notice can-celling the hearing set for May 15, 2007, was entered.
¶ 11. On July 16, 2008, Foamex and American filed a notice of employer medical examination. On January 23, 2009, the AJ sent Rea a status inquiry, but there is no response in the record. On February 23, 2009, the AJ entered a notice returning the case to the active hearing docket.
¶ 12. On April 8, 2009, the AJ entered an order[1] dismissing Rea’s claim for failure to prosecute as follows:
This matter is before the [AJ] on periodic review of the case file, and it appears that [Rea] has for some time failed to notify counsel or the Commission of his ... current address and/or has other *858 wise failed to pursue this claim for workers’ compensation benefits[,] and the claim file should thus be closed.
On May 14, 2009, Rea filed a motion to reinstate the case, on the basis that the parties had been conducting settlement negotiations and taking depositions, and because Rea had several medical examinations. This motion did not allege a mistake in a determination of fact or a change in condition.
¶ 13. On May 18, 2009, the AJ entered an order reinstating Rea’s claim. On May 26, 2009, Foamex and American filed an objection to Rea’s motion to reinstate the claim and a motion to vacate the order reinstating the claim, arguing that the AJ entered the order reinstating the case pri- or to the expiration of the time in which they were entitled to file an objection or response.
¶ 14. On May 28, 2009, the AJ entered a notice of hearing, setting a telephonic hearing for June 5, 2009. On June 5, 2009, Rea filed a response to the motion to vacate the order reinstating his claim. On September 2, 2009, the AJ entered an order dismissing Rea’s claim for failure to prosecute, again stating that Rea had “failed to notify counsel or the Commission of his ... current address and/or has otherwise failed to prosecute this claim for benefits, and, therefore, ... this claim should be dismissed.” The order further states:
This order will become final unless [Rea] or any other party files a written request for review of this order within twenty (20) days per [Mississippi Code Annotated section 71-3-47 (Rev.2011) ]. A final order of dismissal for failure to prosecute is “the rejection of a claim” sufficient to trigger the one-year statute of limitations set forth in [section 71-3-53].
To request reinstatement of this claim, [Rea] must timely file a motion to reinstate with the Commission. The motion should provide [Rea’s] current address and state [Rea’s] desire to continue prosecution of this claim.
¶ 15. On September 17, 2009, the AJ entered an order granting Foamex and American’s motion to vacate the order reinstating Rea’s claim and denying Rea’s motion to reinstate the case. The order states:
[T]his [AJ] ... hereby find[s] that [Rea’s] claim was dismissed for failure to prosecute the case and for [Rea’s] failure to pursue his claim for workers’ compensation benefits, as required by the applicable rules of the [Commission] .... The [AJ] finds that [Rea] was represented at the time and did not file his [m]otion to [r]einstate within 20 days from the entry of the [o]rder [dismissing [the][c]laim for [Rea’s] [f]ailure to [p]rosecute the [c]ase. This [o]rder became final on April 28, 2009. Only after this order became final did [Rea] move to reinstate this matter, on May 14, 2009. In support, [Rea] indicated that the parties had previously discussed settlement and that discovery was ongoing.
This [AJ] does hereby find that [Rea] has failed to demonstrate, as required by [Mississippi Code Annotated section 71-3-53], a change in condition or a mistake in [a] determination of fact in order to support [Rea’s] ... motion to reopen. This [AJ], having heard the evidence, and reviewed the files and motions, finds that [Foamex and American’s] [m]otion to [v]aeate [the][o]rder Reinstating [the][c]laim is well taken and is, therefore, granted. This [AJ] further finds that [Rea’s] [m]otion to Reinstate [the] Rase is not well taken and is, therefore, denied.
*859 ¶ 16. On September 24, 2009, Rea filed a motion to reinstate his case. On October 1, 2009, the AJ entered an order denying Rea’s motion to reinstate his case, again stating that the parties had twenty days to file a request for review of the order.
¶ 17. On October 9, 2009, Rea filed a motion to reconsider or amend the order granting the motion to vacate and denying Rea’s motion to reinstate the case, and in the alternative, to reinstate or reopen the case because of a mistake of fact. On October 21, 2009, the AJ entered an order denying Rea’s motion to reinstate his claim.
¶ 18. On October 23, 2009, Rea filed a request for review of the order denying his motion to reinstate the claim. After a hearing before the full Commission, the full Commission entered an order on March 12, 2010, stating:
The claim was previously dismissed for failure to prosecute the claim by an [o]r-der of [the AJ] dated April 8, 2009.[Rea] failed to request review of this decision within twenty (20) days, and therefore, pursuant to [section 71-3-47], the April 8, 2009 [o]rder became final. Despite the procedural missteps alleged by the respective parties that occurred subsequent to the finality of the April 8, 2009 [o]rder, the fact remains that this [o]r-der of [dismissal was final, and thus[,] the only remaining option for a possible reopening of the claim would be pursuant to [section 71-3-53]. Reopening of this claim [under section 71-3-53] would require [Rea] to demonstrate a mistake in a determination of fact or a change in conditions. A hearing on the alleged grounds for reopening this claim pursuant to [s]ection 71-3-53 has not yet been held, and the Commission hereby remands this matter to the [AJ] for such hearing.
¶ 19. A hearing was held, and on July 1, 2010, the AJ entered an order denying Rea’s motion to reinstate the case, finding that Rea had failed to demonstrate a change in condition or a mistake in a determination of fact as required by section 71-3-53.
¶ 20. On July 21, 2010, Rea filed another request for review of the order denying his motion to reinstate the case with the full Commission. On August 11, 2010, the full Commission entered a notice of hearing, setting the hearing for September 27, 2010. On September 28, 2010, the full Commission entered an order affirming the AJ’s order dated July 1, 2010.
¶ 21. On October 29, 2010, Rea appealed to the Chickasaw County Circuit Court. On September 26, 2011, Foamex and American filed a motion to dismiss for failure to prosecute under Mississippi Rule of Civil Procedure 41(b). On January 20, 2012, Rea filed his response to the motion to dismiss. On January 30, 2012, Foamex and American filed a motion to strike Rea’s appellate brief as untimely. A hearing was set for January 31, 2012. On February 1, 2012, Foamex and American filed a motion to strike Rea’s response to the motion to dismiss as untimely.
¶ 22. On March 14, 2012, the circuit court found the Commission had substantial evidence to support its decision and, therefore, affirmed the dismissal. On April 16, 2010, Rea appealed.
DISCUSSION
¶23. This Court has summarized the standard of review of workers’ compensation cases as follows:
The standard of review in appeals of workers’ compensation cases is limited; this Court must determine only whether the decision of the Commission is supported by substantial evidence and whether the law was correctly applied. *860 The Commission sits as the ultimate finder of facts; its findings are subject to normal deferential standards upon review. Because our review is limited, we will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious. This Court maintains a deferential standard even when we would have been persuaded to rule otherwise if we had been the fact-finder.
Brock v. Wal-Mart, 105 So.3d 1151, 1155 (¶ 10) (Miss.Ct.App.2012) (internal citations and quotations omitted).
¶ 24. Rea argues that the Commission should have reopened his claim because there was a “mistake in a determination of fact” under section 71-3-53, which states:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the [C]ommission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury; and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation in such manner and by such method as may be determined by the [C]ommission.
(Emphasis added). “The kind of mistake that will warrant reopening is ordinarily a mistake on the part of the fact-finder, not on [the] part of one of the witnesses.” N. Miss. Med. Ctr. v. Stevenson, 12 So.3d 1149, 1152 (¶ 10) (Miss.Ct.App.2009) (quoting Bailey Lumber Co. v. Mason, 401 So.2d 696, 704 (Miss.1981)).
¶ 25. Rea argues that the Commission should have reopened his claim because there was a “mistake in a determination of fact.” Specifically, Rea states that one reason for the dismissal of his claim was that Rea failed to notify counsel and the Commission of his address. The April 8, 2009 order[2] dismissing Rea’s claim stated: “[I]t appears that [Rea] has for some time failed to notify counsel or the Commission of his ... current address and/or has otherwise failed to pursue this claim for workers’ compensation benefits[,] and the claim file should thus be closed.” According to Rea, neither he nor his attorney was aware that the Commission did not have Rea’s address. However, Rea contends that the Commission had his attorney’s address, and as such, this was a mistake in a determination of fact. We find no merit to this assertion.
¶ 26. Rea also argues that the April 8, 2009 order and the September 2, 2009 order erroneously state that the claim was dismissed for Rea’s failure to pursue his claim for workers’ compensation benefits. According to Rea, this is a mistake in a determination of fact because he was *861 pursuing his claim by conducting settlement negotiations. However, this is not a “mistake in a determination of fact” as contemplated under the statute. In sum, Rea has failed to demonstrate a mistake in a determination of fact. Therefore, we affirm. '
1127. THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. Because no action was taken within twenty days of April 8, 2009, this order became final on April 28, 2009, under Rule 10 of the Commission’s rules. Therefore, Rea’s only avenue for relief was to show a mistake in a determination of fact or a change in condition under section 71-3-53.

. The September 2, 2009 order dismissing Rea’s claim for failure to prosecute contained virtually identical language.